UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JODIAN JENKINS,<br>      Plaintiff,<br><br>      v.<br><br>HAMILTON SUNDSTRAND<br>CORPORATION<br>DOING BUSINESS AS<br>COLLINS AEROSPACE<br>FORMERLY KNOWN AS<br>UTC AEROSPACE SYSTEMS,<br>      Defendant. | No. 3:21-cv-406 (SRU) |

## ORDER

Jodian Jenkins ("Jenkins"), proceeding *pro se*, has filed three motions seeking a protective order and has additionally filed a letter requesting that I review her motions. *See* Doc. No. 39, 43, 46. In both motions, Jenkins alleges that the defendants have threatened her, harassed her, or made attempts on her life. She appears to seek an order pursuant to the Speedy Trial Act, and an order preventing the defendants from further harming or harassing her.

Under Federal Rule of Civil Procedure 26(c),

[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
    (A) forbidding the disclosure or discovery;
    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
    (C) prescribing a discovery method other than the one selected by the party seeking discovery;
    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
    (E) designating the persons who may be present while the discovery is conducted;
    (F) requiring that a deposition be sealed and opened only on court order;
    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

>   (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (cleaned up). In the case at bar, Jenkins does not appear to seek any of the relief made available under Rule 26(c), nor does her request appear to relate to issues regarding discovery. Accordingly, I am unable to grant the request for a protective order.

To the extent that Jenkins instead intends to seek a temporary restraining order or preliminary injunction, the relief requested in such a request must relate to claims raised in the underlying action. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health*, 2017 U.S. Dist. LEXIS 138366, at *3-4 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint). Here, the claims in Jenkins' complaint generally allege employment discrimination in violation of various state and federal laws. *See* Doc. No. 1, Not. of Removal. Claims regarding harassment or intimidation by the defendants (or individuals associated with the defendants) are not reasonably related allegations regarding workplace discrimination. To the extent that Jenkins seeks to raise claims regarding harassment or intimidation by the defendants or other parties, she must therefore do so in a separate action.

Finally, to the extent that Jenkins intends to raise issues concerning the Speedy Trial Act, that statute applies only to criminal defendants. *See* 18 U.S.C. § 3161 ("[i]n any case involving a

defendant charged with an offense…"). Because this matter is a civil suit, the Speedy Trial Act is inapplicable to Jenkins' claims.

      Accordingly, the motions for a protective order (doc. nos. 39, 43, 46) are **denied.**

      Dated at Bridgeport, Connecticut, this 27th day of October 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
